# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEO E. BRISBANE, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-17-1598 |
| LARRY HOGAN, *et al.*, | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Plaintiff Leo Brisbane filed this 42 U.S.C. § 1983 action, alleging that the water at Brockbridge Correctional Facility is contaminated. ECF Nos. 1, 4, 6, 10. He was granted leave to proceed in forma pauperis. ECF No. 11. The Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, ECF No. 28, and a Motion to reconsider the grant of leave to proceed in forma pauperis, ECF No. 29. Plaintiff has filed a Response in Opposition to the dispositive motion. ECF No. 31. The matter is now ripe for review. For the reasons that follow, Defendant's Motion to reconsider Plaintiff's in forma pauperis status is DENIED, and Defendant's dispositive Motion, construed as a Motion for Summary Judgment, is GRANTED.

## I. BACKGROUND

Plaintiff, an inmate at Brockbridge Correctional Facility ("Brockbridge"), claims that the water supply at Brockbridge contains lead and sand. ECF No. 4 at 3; ECF No. 6; ECF No. 10 at 2. Plaintiff alleges that his consumption of the contaminated water has caused him to suffer memory loss, brain damage, headaches, and dizziness. ECF No. 4; ECF No. 6; ECF No. 10 at 3. He states that he "is in danger of losing liver damage [sic] from drinking, lead tained [sic] water." ECF No. 1 at 1 (capitalization altered). As evidence of the contamination, Plaintiff

states that the corrections officers do not drink the water available at Brockbridge, ECF No. 10 at 2, and that "the inter net shows that [Brockbridge] is condimed [sic]." ECF Nos. 6, 9.

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 28. Among other exhibits, Defendants have attached communications regarding tests that were conducted on the water at Brockbridge, finding no lead in the water. ECF No. 28-3 at 5-6. Defendants have also moved this Court to reconsider its earlier decision to grant Plaintiff's request to proceed in forma pauperis. ECF No. 29.

## II. DISCUSSION

### A. In Forma Pauperis Status

On October 13, 2017, this Court granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis. ECF No. 11. On the day that they filed their dispositive motion, Defendants filed a Motion for Reconsideration to Deny Plaintiff from Proceeding In Forma Pauperis. ECF No. 29. Defendants argue that Plaintiff has three "strikes" under the Prison Litigation Reform Act ("PLRA") and therefore is barred from proceeding without full pre-payment of fees. ECF No. 29 at 3-4.

The PLRA states, in relevant part, that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Defendants are correct that Plaintiff has previously filed three such actions (often referred to as "strikes"), and thus may not proceed in forma pauperis unless he alleges imminent danger of serious harm. *See* ECF No. 29 at 3-4 (citing *Brisbane v. States Attorney Office*, JFM-09-783

(D. Md.), *Brisbane v. State of Maryland*, JFM-12-3495 (D. Md.), and *Brisbane v. Food Lion, LLC*, JFM-17-989 (D. Md.)). Without looking beyond the Complaint, Plaintiff's assertion that drinking water contains lead and that he is suffering adverse health effects amounts to a prima facie allegation that he is in imminent danger of serious harm. Although the Defendants assert that the Court should not credit Plaintiff's claim of imminent danger because his allegation "is directly contradicted by actual laboratory test results of water sample which were negative for lead" and Plaintiff's medical records, ECF No. 29 at 4-5, such an argument requires the Court to look beyond the Complaint, which is inappropriate for purposes of determining whether a Plaintiff has made a prima facie claim of imminent danger under § 1915(g). Accordingly, the Defendant's motion to revoke Plaintiff's in forma pauperis status is denied.

**B. Motion for Summary Judgment**

Defendants' dispositive Motion is styled as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are

deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). Because Defendants have filed and relied on declarations and exhibits attached to their dispositive motion, their motion shall be treated as one for summary judgment.

Summary judgment is governed by Rule 56(a), which provides in relevant part that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In analyzing a summary judgment motion, the court should "view the evidence in the light most favorable to ... the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting former Fed. R. Civ. P. 56(e)). Because Plaintiff is proceeding pro se, his submissions are liberally construed. *See Erickson*, 551 U.S. 551 U.S. 89, 94 (2007). Nonetheless, the Court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted).

**C. Eighth Amendment Claim**

Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

4

"In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of [a] basic human need was objectively sufficiently serious, and that subjectively the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks, brackets, and emphasis omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008).

The objective prong of a conditions of confinement claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

Here, Plaintiff alleges that contaminated drinking water has caused damage to his brain and liver, but he has produced no evidence to support this assertion. In contrast, the Defendants have presented the results of laboratory testing of the water at Brockbridge, including water taken specifically from Kent Dorm, where Plaintiff was housed within the facility. *See* ECF No. 28-3. These results indicate there is no lead in the water. *Id.* at 5-6. They have also provided copies of Plaintiff's medical records, which attribute the complained-of conditions to Plaintiff's extant medical problems. *See e.g.*, ECF No. 29-2 at 4 (noting that Plaintiff's forgetfulness was likely caused by his elevated blood sugar); *id.* at 11 (noting history of hepatitis

5

C, which appears pertinent to Plaintiff's complaints that his liver functioning is impaired). In his response to Defendants' dispositive Motion, Plaintiff repeats his conclusional allegations of water contamination. His sole acknowledgement of the laboratory tests is his statement "any report are [sic] cover up! The water samples are not right!" ECF No. 31 at 4. This unsupported, generic assertion is insufficient to create a question of fact, and Defendants are entitled to summary judgment.

## CONCLUSION

Accordingly, Defendants' Motion for Reconsideration of the Court's order allowing Plaintiff to proceed in forma pauperis is denied. Defendants' dispositive Motion is construed as a Motion for Summary Judgment and is granted. A separate order follows.

Dated this 19th day of March, 2018.

                                        FOR THE COURT:

                                        _____/s/_____
                                        James K. Bredar
                                        Chief Judge